# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EDWIN YESHURUN, et al., | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| | ) **Civil Action No.** |
| v. | ) **24-12984-FDS** |
| | ) |
| PIONEER INVESTMENTS, LLC, | ) |
| | ) |
| Respondent. | ) |

## ORDER

**SAYLOR, C.J.**

Petitioners Edwin and Beverly Yeshurun of Boston, Massachusetts, commenced this action on December 2, 2024, seeking an emergency stay of execution of an eviction scheduled to take place that same day. Petitioners filed a pleading titled "Habeas Corpus," and a motion titled "Habeas Corpus, and Motion for an Emergency Hearing Complaint for a Civil Case, Motion for an Emergency Injunction to Stop Eviction, and issue Stay of Execution." (Dkt. Nos. 1 and 2.)

Although the pleadings are less than clear, the petitioners recount their unsuccessful efforts to challenge the jurisdiction of the Massachusetts Eastern Housing Court to issue an eviction as well as their unsuccessful challenge to the foreclosure sale of their property. Petitioners also seek relief from judgment entered in *Yeshurun, et al. v HSBC Bank, et al.*, C.A. No. 23-13220-NMG (D. Mass. Jul. 1, 2024) (allowing defendants' motion to dismiss).[1]

---

[1] The Court's records indicate that petitioners are seeking in the closed 2023 action both emergency relief and relief from judgment. See Dkt. No. 18, Emergency Motion for Relief from Judgment, No. 23-13220-NMG (D. Mass. Nov. 27, 2024); Dkt. No. 23, Emergency Motion for Relief and Injunction, No. 23-13220-NMG (D. Mass. Dec. 2, 2024).

The court has an independent obligation to inquire, *sua sponte*, into its subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).  Additionally, federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee.  *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985).  As used in this context, "frivolous" does not refer to the subjective intent of a party.  *Axcella Building Realty Trust v. Thompson*, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024).  "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  In conducting its review, the court must liberally construe the pleadings because the petitioners are proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

As an initial matter, the petitioners seek to have the undersigned judge act as an appellate judge by reviewing the rulings made by a different judge of this court.  However, this court cannot do so.  *See* 28 U.S.C. § 1291 ("the courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States").  Thus, this court cannot provide relief from judgment entered in the 2023 action.

Similarly, by seeking a stay of eviction, petitioners seek review and rejection of the state-court judgment issued by the Eastern Housing Court.  However, under the *Rooker-Feldman*

doctrine, federal district courts have "no authority to review final judgments of a state court in judicial proceedings" because "[r]eview of such judgments may only be had in the [United States Supreme Court]" under 28 U.S.C. § 1257.  *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983). Thus, "to the extent [petitioners] seeks to invalidate the outcome of the state court eviction proceedings, this Court has no jurisdiction to entertain such claims."  *Pasholikova v. Maldonado*, 2015 WL 1038089, at *4 (D. Mass. Mar. 10, 2015); *see also Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte.").

Even if the request for stay were not barred by the *Rooker-Feldman* doctrine, the request for an emergency injunction to stay eviction would be denied.  Motions for preliminary injunction can only be granted where a party is able to demonstrate likelihood of success on the merits, along with three other factors. *NuVasive, Inc. v. Day*, 954 F.3d 439, 443 (1st Cir. 2020). Here, petitioners explain that they missed a court date due to several deaths in their family. Although they describe reasons that support excusable neglect for reconsideration, they have not demonstrated a likelihood of success on the merits, which is a requirement for injunctive relief. *See Akebia Therapeutics, Inc. v. Azar*, 976 F.3d 86, 92 (1st Cir. 2020).

Even with a generous reading of the pleadings, the complaint fails to state a claim upon which relief can be granted.  In light of the nature of the claims asserted, amendment would be futile.  *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

Accordingly, the emergency motion is DENIED and this action is DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated:  December 20, 2024